UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

WILLIE J. HARRIS,

        Plaintiff,                  Case No. 1:15-cv-550

v.                                         Honorable Paul L. Maloney

UNKNOWN SCOTT et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim, with the exception of Plaintiff's retaliation claim against Defendants Haynes and Scott.

## Discussion

I. Factual allegations

Plaintiff is incarcerated in the Ionia Correctional Facility (ICF). In his *pro se* complaint, he sues the following ICF employees: Warden Willie O. Smith; Deputy Wardens (Unknown) Schiebner and (Unknown) Christiansen; Officer (Unknown) Scott; Inspector (Unknown) Nevins; Grievance Coordinator C. Lewis; and Counselor (Unknown) Haynes.

As the Unit-5 representative on the Warden's Forum, Plaintiff sent a kite to Defendant Haynes regarding the issues that he intended to raise at the next Warden's Forum meeting. After reviewing Plaintiff's kite, Haynes allegedly demanded that Plaintiff find different issues to raise. Plaintiff refused and told Haynes that if she did not submit the issues identified in his kite, he would raise them at the meeting "boldly and verbally." (Am. Compl., ECF No. 6, PageID.47.) Haynes became upset and told Plaintiff that he could not tell her how to run her unit. She further threatened to move Plaintiff out of her unit if Plaintiff disclosed certain practices that violated MDOC policy, including the fact that they allowed some Security Threat Group (STG) members to work within the Unit-5 general population.

Plaintiff sent a kite to Defendant Haynes on May 7, 2015, asking her if she planned to ignore every issue that he brought to her attention as the Unit-5 Warden's Forum Representative. He further stated, "However, there is a suspicion that you are conspiring along with unit 5 staff to destroy my out going and incoming mail, as well as set me up. However, none of you are above the law, wait and see." (Class II Misconduct Report, ECF No. 1-1, PageID.15.) Plaintiff alleges that Haynes retaliated against him for exercising his First Amendment rights by bringing a false misconduct charge against him for insolence. Plaintiff further claims that Haynes fulfilled her threat

to move him out of her unit by moving him to Unit-3, which housed mostly STG and mentally ill prisoners.

Plaintiff alleges that on March 12, 2015, Defendant Scott approached him in a bullying manner and told him that she knew about his kite to Defendant Haynes and threatened to get him out of the unit if he raised his concerns at the Warden's Forum meeting.

At the misconduct hearing on May 14, 2015, Plaintiff claims that his kite only was intended to warn Haynes that he planned to file a lawsuit against her. The hearing officer concluded that a reasonable person could have interpreted Plaintiff's statement as a "veiled threat meant to harass or cause alarm in the reader." (Class II Misconduct Hearing Report, ECF No. 1-1, PageID.21.) Consequently, the hearing officer found Plaintiff guilty as charged and sentenced him to 30 days' loss of privileges. (*Id*.) Defendant Christiansen upheld the charge on appeal. Plaintiff contends that, as a result of these retaliatory acts, he was stripped of his position as a Unit-5 Warden's Forum representative.

On May 19, 2015, Plaintiff spoke to Defendant Lewis concerning her refusal to send him Step I and II grievance forms. Plaintiff, who was on modified access status, only could obtain grievance forms from Lewis. Lewis indicated that she had sent grievance forms to Plaintiff and refused to provide him with additional forms. Plaintiff further claims that Defendants Lewis and Christiansen blocked accurate and legitimate grievances from being processed. He also contends that Defendants conspired to tamper with his incoming and outgoing mail and that the missing grievances were evidence of such a conspiracy.

Plaintiff alleges that Defendants Scott, Nevins and Schiebner "had personally stated to Plaintiff that he is rat material." (Am. Compl., PageID.49.) He also claims that Defendants Smith and Schiebner failed to take action in response to his complaints about staff misconduct.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp.*

*of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

      A.      **Due Process**

            1.      <u>Class II Misconduct Conviction</u>

Plaintiff's claim concerning the Class II misconduct conviction implicates the Due Process Clause. A prisoner's ability to challenge a prison misconduct conviction depends on whether the convictions implicated any liberty interest. A prisoner does not have a protected liberty interest in prison disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence" or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 486-87 (1995). Under Michigan Department of Corrections Policy Directive 03.03.105, ¶ B, a Class I misconduct is a "major" misconduct and Class II and III misconducts are "minor" misconducts. The policy further provides that prisoners are deprived of good time or disciplinary credits only when they are found guilty of a Class I misconduct. (*See* Policy Directive 03.03.105, ¶ AAAA). Therefore, Plaintiff was not denied good time or disciplinary credits as a result of his Class II misconduct conviction. The Sixth Circuit routinely has held that misconduct convictions that do not result in the loss of good time are not atypical and significant deprivations and therefore do not implicate due process. *See, e.g., Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003); *Green v. Waldren*, No. 99-1561, 2000 WL 876765, at *2 (6th Cir. June 23, 2000); *Staffney v. Allen*, No. 98-1880, 1999 WL 617967, at *2 (6th Cir. Aug. 12, 1999). Plaintiff, therefore, fails to

state a due process claim against Defendants Haynes and Christensen arising from the Class II misconduct conviction.

2.  Grievances

Plaintiff claims that Defendant Lewis refused to send him grievance forms while he was on modified access. He further alleges that Defendants Lewis and Christiansen prevented him from filing legitimate grievances. Plaintiff, however, has no due process right to file a prison grievance. The courts repeatedly have held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendants' conduct did not deprive him of due process. Plaintiff, therefore, fails to state a claim against Defendants Lewis and Christiansen arising from the prison grievance process.

B.  **Eighth Amendment**

Plaintiff alleges that Defendants Scott, Nevins and Schiebner "had personally stated to Plaintiff that he is rat material." (Am. Compl., PageID.49.) The use of harassing or degrading language by a prison official, standing alone, does not rise to constitutional dimensions. *See Ivey v.*

*Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Violett v. Reynolds,* No. 02-6366, 2003 WL 22097827, at *3 (6th Cir. Sept. 5, 2003) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim); *Thaddeus-X v. Langley*, No. 96-1282, 1997 WL 205604, at *1 (6th Cir. Apr. 24, 1997) (verbal harassment is insufficient to state a claim); *Murray v. U.S. Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) ("Although we do not condone the alleged statements, the Eighth Amendment does not afford us the power to correct every action, statement or attitude of a prison official with which we might disagree."); *Clark v. Turner*, No. 96-3265, 1996 WL 721798, at *2 (6th Cir. Dec. 13, 1996) ("Verbal harassment and idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights."); *Brown v. Toombs*, No. 92-1756, 1993 WL 11882 (6th Cir. Jan. 21, 1993) ("Brown's allegation that a corrections officer used derogatory language and insulting racial epithets is insufficient to support his claim under the Eighth Amendment."). Accordingly, Plaintiff fails to state an Eighth Amendment claim against Defendants Scott, Nevins and Schiebner arising from their alleged verbal abuse.

C. **First Amendment**

In his amended complaint, Plaintiff alleges that Defendants conspired to tamper with his incoming and outgoing mail and that the missing grievances were evidence of such a conspiracy. Inmates have a First Amendment right to communicate with the outside world by sending and receiving mail, although it is subject to prison policies that are reasonably related to legitimate penalogical interests. *Thornburg v. Abbott*, 490 U.S. 401, 407 (1989); *Turner v. Safely*, 482 U.S. 78, 85, 89 (1987). Plaintiff, however, does not specifically allege how any of the named Defendants were

involved in tampering with his incoming or outgoing mail. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)). Moreover, conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678-69; *Twombly*, 550 U.S. at 555. In the absence of specific factual allegations against the named Defendants, Plaintiff fails to state a claim upon which relief may be granted.

To the extent Plaintiff suggests that Defendants tampered with his legal mail, he fails to state a claim for violation of his First Amendment right of access to the courts. It is clearly established that prisoners have a constitutionally protected right of access to the courts under the First and Fourteenth Amendments. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Prison officials have a two-fold duty to protect a prisoner's right of access to the courts. *McFarland v. Luttrell*, No. 94-6231, 1995 WL 150511, at *3 (6th Cir. Apr. 5, 1995). First, they must provide affirmative assistance in the preparation of legal papers in cases involving constitutional rights, in particular criminal and habeas corpus cases, as well as other civil rights actions relating to the prisoner's incarceration. *Id.* (citing

*Bounds*, 430 U.S. at 824-28). Second, the right of access to the courts prohibits prison officials from erecting any barriers that may impede the inmate's accessibility to the courts. *Id.* (citing *Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992)); *see also Bounds*, 430 U.S. at 822 (citing *Ex parte Hull*, 312 U.S. 546, 549 (1941)).

In order to state a viable claim for interference with his access to the courts, a plaintiff must show actual injury to pending or contemplated litigation. *See Lewis*, 518 U.S. at 349; *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000. As set forth above, Plaintiff does not specifically allege how any of the named Defendants interfered or tampered with his legal mail. Even if he did, Plaintiff does not allege that he suffered any actual injury to pending or contemplated litigation as a result of Defendants' alleged conduct. Plaintiff, therefore, fails to state an access-to-the-courts claim.

D. **Supervisory Liability**

Plaintiff claims that Defendant Warden Smith and Deputy Warden Schiebner failed to take action in response to his complaints about staff misconduct. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an

administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Smith and Schiebner engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### E. **Retaliation**

Plaintiff claims that Defendant Haynes retaliated against him for his activities as the Unit-5 Warden's Forum Representative by bringing a false misconduct charge against him for insolence. He further claims that Defendant Haynes retaliated against him by having him transferred to Unit-3, which housed mostly STG and mentally ill prisoners. As a result of his transfer, Plaintiff also lost his position as Warden's Forum Representative. Plaintiff also claims that Defendant Scott approached him in a bullying manner and told him that she knew about his kite to Defendant Haynes and threatened to get him out of the unit if he raised his concerns at the Warden's Forum meeting.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

At this stage of the proceedings, Plaintiff's allegations are sufficient to warrant service of Plaintiff's retaliation claim against Defendants Haynes and Scott.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), except for Plaintiff's retaliation claim against Defendants Haynes and Scott.

An Order consistent with this Opinion will be entered.


Dated:    November 30, 2015         /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  United States District Judge